# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>VINCENT E. WILSON,<br><br>        Defendant. | Criminal No. 16-cr-15 (RC) |

## Detention Memorandum

Vincent Wilson ("Defendant") has been charged with Assaulting, Resisting, or Impeding Certain Officers or Employees in violation of 18 U.S.C. § 111.  The Government moved to seek detention, and a detention hearing was held on February 9, 2016.  At the conclusion of the hearing, the Court found that Defendant should be held without bond.  This memorandum is submitted to comply with the statutory obligation that, "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C § 3142(i)(1).

## Findings of Fact

At the detention hearing, the government proceeded by proffer.  On January 5, 2016, Defendant appeared in the D.C. Superior Court after being arrested for second-degree theft the day before.  While Defendant waited to be heard for his second-degree theft charge, he became disruptive, hostile, and non-compliant with the Deputy United States Marshals.

The Marshals attempted to remove Defendant from the waiting room and put him into a single cell to protect everyone's safety.  As Defendant approached the single cell, however, he turned around and spat on Deputy United States Marshal Andrew Conklin's ("Marshal Conklin") face.  Defendant then resisted entering the cell.  During the ensuing tussle, Defendant continued

to spit on Marshal Conklin's face.  Marshal Conklin attempted to put a cloth spit guard over Defendant's mouth, but Defendant used his long fingernails to vigorously scratch his arms and forearms.  Defendant then spat blood onto Marshal Conklin's eye, nose, and mouth.  Shortly thereafter, the Marshals subdued Defendant and placed him into handcuffs.  Most the incident was captured on video surveillance.

Because of the incident, Marshal Conklin had to seek immediate medical attention.  He was treated for the cuts and scratches on his forearms, and received thirty days' worth of prophylactic medication to prevent the spread of HIV and other communicable diseases.  The government presented two photographs, Exhibit 1 and 2, illustrating the severe nature of the cuts that Defendant inflicted on Marshal Conklin's arm.

The government also discussed Defendant's long criminal record.  In 2013, he was convicted for unlawful entry and attempted robbery.  In 2009, he was convicted for carrying a pistol without a license and possessing unregistered ammunition.  In 2008, he was convicted of assault with significant bodily injury, and robbery.  In 2007, he was convicted of possession of a controlled substance.  Based on Defendant's violent conduct and extensive criminal record, the Government requests pretrial detention.

Defense counsel argued that Defendant's conduct does not sufficiently establish that he constitutes a danger to the community.  Defense counsel mentioned that Defendant initially appeared in the D.C. Superior Court for second-degree theft, which is a misdemeanor.  Even after learning of Defendant's conduct with the Marshal, the D.C. Superior Court Judge elected to release Defendant with conditions that he obtain medical health counseling.  The government never appealed the D.C. Superior Court Judge's decision to release Defendant and instead waited until January 28, 2016, nearly three weeks after the incident, to indict Defendant in federal court.

2

Defense counsel opined that if Defendant is truly as dangerous as the government claimed, then the government would have indicted him much sooner.

Finally, defense counsel argued that the assault in this case would at most qualify as simple assault in the D.C. Superior Court, which is a misdemeanor.  The government brought the case to the District Court because the offense qualifies as a felony.  That is, even though the conduct is the same, federal statutes provide a much more severe penalty than the D.C. statutes. For the above reasons, Defense counsel maintains that Defendant is not a danger to the community and should be released.

### Legal Standard

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial."  18 U.S.C. § 3142(e).  Even if Defendant does not pose a flight risk, danger to the community alone is a sufficient reason to order pretrial detention.  *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Simpkins*, 826 F.2d 94, 98 (D.C. Cir. 1987).

In determining whether there are conditions of release which will reasonably assure a Defendant's future presence in court or assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release.  *See* 18 U.S.C. § 3142(g).

## Discussion

The first factor, the nature and circumstances of the offense, favors detention.  Defendant has been charged with assaulting Deputy United States Marshal Andrew Conklin in violation of 18 U.S.C. § 111.  The attack was unprovoked and occurred inside the D.C. Superior Court while Defendant waited to be heard for a separate unrelated offense.

The second factor, the weight of the evidence, favors detention.  The government proffered that video surveillance captures most of the incident and shows that the attack was vicious.  The video surveillance captures Defendant spitting in Deputy Marshal Conklin's face, resisting arrest, and scratching the Marshals' arms.  The government also presented two still photographs—Exhibits 1 and 2—that illustrate the severe nature of the cuts and scratches on Marshal Conklin's arm.

The third factor, the history and characteristics of the Defendant, strongly favors detention.  Defendant has a long and violent criminal history.  On January 5, 2016, Defendant viciously scratched Marshal Conklin's arms, spit in his face, and resisted arrest.  The day before, on January 4, 2016, Defendant was arrested for second-degree theft.  In 2013, Defendant was convicted for unlawful entry, and for attempted robbery.  In 2009, Defendant was convicted for carrying a pistol without a license and possessing unregistered ammunition.  In 2008, Defendant convicted of assault with significant bodily injury, and robbery.  In 2007, he was convicted of possession of a controlled substance.  Defendant thus displays a willingness and proclivity to engage in illicit and violent activity.

The fourth factor, the danger to the community, favors detention.  Defendant assaulted a Deputy United States Marshal while he was under Court supervision and waiting to be heard on an unrelated second-degree theft charge.  If Defendant is willing to assault a United States

Deputy Marshal while in a United States courthouse, there is little to reassure the Court that he would fare much better if released into the community.  As such, the final factor, danger to the community, favors detention.

## **Conclusion**

Based upon consideration of all the evidence and the factors set forth in § 3142(g) and weighing all the lesser restrictive alternatives to pretrial detention, this Court concludes by clear and convincing evidence that no condition nor combination of conditions exist that would ensure the safety of the community.  Therefore, the Government's motion for detention without bond is granted.

Dated: ___2/16/2016___                  _____/s/_____

                                        ALAN KAY
                                        UNITED STATES MAGISTRATE JUDGE