**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.                                              ) | **Crim. No. 16-15 (RC/DAR)** |
| ) | |
| **VINCENT WILSON**                 ) | |
| ) | |
| **Defendant.**                   ) | |

**UNOPPOSED MOTION FOR IMMEDIATE RELEASE**

Mr. Wilson, through counsel, respectfully requests that this Court issue an Order directing the Bureau of Prisons to release Mr. Wilson forthwith. The government has advised that it does not oppose this motion. Mr. Wilson is presently being held at FMC Butner but is not in the lawful custody of the Attorney General in light of the fact that the time under 18 U.S.C. § 4241 has expired and no certification under §4246 has been filed. While the motion is unopposed, the procedural background is noted below for the Court's information.

**PROCEDURAL BACKGROUND**

On November 1, 2016, Mr. Wilson was sentenced to a term of 18 months incarceration with 36 months of supervised release to follow, having pleaded guilty to assaulting, resisting, or impeding law enforcement officers. (Dkt. 20).   His supervised release began on June 30, 2017. On August 31, 2017, he was arrested by the D.C. MPD on misdemeanor assault charges. He was released on pretrial conditions.   On September 27, 2017, the Probation Office filed a violation report alleging this new arrest as well as other violations that stemmed from failure to follow directions. (Dkt. 22). An arrest warrant was issued on the basis of those violations on September 29, 2017, and Mr. Wilson was arrested on October 4, 2017. (Dkt. 22). He was released and the hearing on violation was continued to trail the Superior Court cases.   For a period of time, he

complied with his release conditions, living with an aunt and reporting as directed. (Dkt. 25). However, on February 18, 2018, he was again arrested on misdemeanor threats and assault charges. He was released on those charges and, on March 7, 2018, the probation office filed additional violations related to that arrest and a positive drug screen for marijuana. (Dkt. 27). On March 15, 2018, he was arrested by Prince Georges County for minor theft charges and resisting arrest. A charge of assault on a police officer was subsequently added. The theft charge was placed on the stet docket. He pleaded guilty to second degree assault and received a sentence of 54 days. He served that sentence and was then returned to the District of Columbia on the detainer for the various supervised release violations on May 16, 2018. He has remained in custody throughout the remaining proceedings.

While all of the other violations were grade C violations, the assaultive conduct during his arrest was alleged by the Probation Office to constitute a grade A violation which carried a guideline sentencing range of 18 to 24 months, despite the fact that he had only received a 54 day sentence on the underlying conduct that constituted a violation. (Dkt. 28).

After a series of continuances requested by Mr. Wilson, Mr. Wilson requested new counsel. New counsel was appointed and new counsel requested a psychiatric evaluation. (Dkt. 36). On October 25, 2018, Mr. Wilson was "committed to the custody of the Attorney General of the United States for placement in a suitable facility for a period not to exceed 30 days for a determination of whether he is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him." (Dkt. 38). Mr. Wilson was designated to the Metropolitan Correctional Center in New York, but significant delays in his transportation ensued.

On December 20, 2018, MCC New York completed its report finding that Mr. Wilson

was not competent. (Dkt. 42). They recommended that he be committed for a period of restoration to competency under 18 U.S.C. 4241(d). For some unknown reason, that report was not received and docketed until January 17, 2019. (Dkt. 42).

On February 6, 2019, the Court ordered, with the consent of all parties, a 90 day commitment for treatment to determine whether there was a substantial probability that he could be restored to competency. (Dkt. 44).   On April 26, 2019, the parties learned by a letter sent to Chambers by Mr. Wilson, that Mr. Wilson had not been transported to a suitable facility (MCC does not do restoration) but was instead languishing at Piedmont Regional Jail.   Mr. Wilson was finally transported to FMC Butner by the Marshal's Service on April 23, 2019. (Dkt. 46)

On May 7, 2019, FMC Butner requested 120 days to complete the study and asked that the time begin not when the study was ordered, but on April 23, 2019. According to FMC Butner, the report would then be done within 14 working days of August 19, 2019, presumably September 9, 2013. (Dkt. 47).   On September 9, 2019, the Court entered a minute order indicating that FMC Butner would not have the report completed until September 13, 2019.   Mr. Wilson was understandably upset by all of the continuances and delays and sought new counsel. Mr. Carroll withdrew and undersigned counsel agreed to resume her prior representation of Mr. Wilson at his request.

On September 23, 2019, the case was called for a competency hearing and still no report had issued from FMC Butner, nor had a request for additional time been received by the Court. The defense requested that the petition be discharged and the government did not object.   The Court subsequently issued a report and recommendation recommending that the petition be discharged and that the United States proceed according to 4241(d). (Dkt. 55; see also Dkt. 56 Transcript). On October 8, 2019, Judge Contreras adopted the report and recommendation. (Dkt.

57).

On November 18, 2019, after learning that no §4246 study appeared to be underway, undersigned counsel called FMC Butner to ascertain the status of the evaluation. The staff at FMC Butner advised that they had not begun the evaluation. That same day, the warden wrote to the Court asking that the evaluation period be deemed to begin on November 18, 2019, and continue until January 31, 2020.

The defense objected to any further delays in this case and submitted that the request of FMC Butner should be denied. (Dkt. 60). Over the government's objection, on December 17, 2019, Magistrate Judge Robinson denied FMC Butner's request for an extension of time but did not address defense counsel's request that he be released. As of January 9, 2020, Mr. Wilson has not been released from FMC Butner and no §4246 Certificate has been filed. Because the supervised release petition has been discharged and no §4246 Certificate has been filed, the continued detention of Mr. Wilson is without legal authority. He has now been in custody on a supervised release violation that has been discharged (the guidelines for which are at worst 18 to 24 months) for more approximately 20 months when the sentence for the underlying offense that formed the violation was only 54 days.

Mr. Wilson is not lawfully committed to the custody of the Attorney General pursuant to section 4241(d). Here, the petition was discharged without a finding under § 4241(d)(2)(A) of a "substantial probability that within [an additional reasonable period of time] he will attain the capacity to permit the proceedings to go forward." Thus, the statutory authority for the Government to hold a person under section 4241(d) expired. *United States v. Baker*, 807 F.2d 1315, 1320 (6th Cir. 1986) (holding that there was "no authority to confine appellant beyond the four months authorized by section 4241(d)" where there was no finding "that the individual is

likely to attain competency within a reasonable time"); *see also Jackson v. Indiana*, 406 U.S. 715, 733 (1972) ("without a finding of dangerousness, one committed [under the federal incompetency statutes] can be held only for a 'reasonable period of time' necessary to determine whether there is a substantial chance of his attaining the capacity to stand trial in the foreseeable future. If the chances are slight, or if the defendant does not in fact improve, then he must be released or granted a [civil commitment] hearing."). Here, no additional reasonable period of time was authorized or ordered by way of 4241(d)(2). Mr. Wilson is not properly in the custody of the Attorney General pursuant to § 4241(d), and a 4246(a) certificate was not filed initiating a 4246 proceeding. Therefore, there is no legal authority initiating a 4246 proceeding against him. *See e.g.*, *United States v. White*, No. 5:18-HC-2295-BR, DE 22 (E.D.N.C. Mar. 15, 2019); U*nited States v. Hardy*, 770 F. Supp. 2d 410, 412-413 (D. Me. 2011).

Proceedings under section 4246 must be initiated by a certificate filed by the Department of Justice or the Bureau of Prisons. *See* 18 U.S.C. 4246(a). Here, no such certificate was every issued and thus there is no authority to hold Mr. Wilson. See *United States v. Locklear*, 483 F. App'x 842, 847 (4th Cir. 2012) ("without a certificate from the director of FMC Butner [alleging that aperson meets criteria for commitment], the district court was without authority to have Locklear held.").

Mr. Wilson respectfully requests that the Court order his immediate release as there is no legal authority to continue to hold him.

                Respectfully submitted,

                A. J. KRAMER
                FEDERAL PUBLIC DEFENDER

/s/

MICHELLE PETERSON
Chief Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C.   20004
(202) 208-7500